1983 Gibney ✓

Virginia:

In the U.S. District Court (Eastern District)

Eric McCarter

Plaintiff,


FILED
DEC - 8 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

v.                                Case No. 3:15cv745

Caroline County
Sheriff's Dept.

Defendant.

Plaintiff, Eric McCarter, proceeding Pro-se, moves for liabilty judgement against the Caroline County Sheriff's Dept. on the grounds and in the amount set below.

In early spring of 2014, McCarter filed a complaint to the Internal Affairs branch of the Caroline County Sheriff's Office. McCarter presented evidence to the Major of the Dept. that Sgt. Nutter committed perjury in his search warrant affidavit application for McCarter's home. But no action was taken by the Dept., nor was any relief given to McCarter. McCarter also sent a letter to the Sheriff Tony Lippa seeking relief. The only responce to this letter was from a law firm in Richmond stating for McCarter not to "threaten the Sheriff and who the Sheriff hires is none of

McCarters business". Sgt. Nutter violated McCarter's 4th Amend. Right to be secure in his own home. The Sheriff Dept. as a whole is to be held liable for its employees misconduct and irresponsible actions. Which led to and caused McCarter's injury. [SEE] (letter from law firm) also [SEE] (McCarters letter to Sheriff)

## McCarter's Cause of Action:

Violation of 4th Amend. Right to be secure in his own home. Which was brought to the attention of the Sheriff's Dept. and the Sheriff himself. Sgt. Nutter violated McCarters 4th Amend. Rights by telling falsehoods (perjury) and reckless disregards for the truth to a magistrate judge in a search warrant affidavit on July 21, 2011. Which consisted of the following perjuried statements under oath to create credibility for his criminal source.

[SEE] Exhibit(1) Search warrant affidavit #7

(1) Penal interest: Sgt. Nutter states "The confidential source utilized for this investigation has provided information to law enforcement against his own penal interest."

In Virginia, determining whether a statement is against a declarant's penal interest," the inherent reliability of [the] statement is established by [the declarant's] expressed belief that he could be charged as an accessory to the crime.

But in Sgt. Nutter's sworn affidavit [SEE] Exhibit 2 #5: he states that his sources declaration against penal interest was made by stating that he was guilty of prescription fraud. Sgt. Nutter's source admitted to a crime which he committed by himself. In order for penal interest to be established, McCarter and Sgt. Nutter's source would have had to committ a crime or crimes together. This is Sgt. Nutters first perjuried statement or falsehood.

(2) Next Sgt. Nutter states in his search warrant affidavit, [SEE] Exhibit 1 #7 "This confidential source has been a documented source of information for <u>Your Affiant</u> for more than 3 yrs. This is also a perjuried and misleding statement. Please refer to Exhibit 2 #7: Sgt. Nutter states that his source had worked with <u>another investigator</u> for more than three years. Not for him personally. So Sgt. Nutter perjuried himself when he stated in Exhibit 1 #7 that his source had been a documented source of information for <u>Your Affiant</u> for more than three years. When he stated <u>Your Affiant</u> to the magistrate, he meant him personally. This is Sgt. Nutters second perjuried statement or falsehood.

Blasiol and Reece who both worked for and under Sgt. Nutter for this investigation. Both of them testified the following at trial.

Blasiol; testified [SEE] Exhibit 3 TT page 147 at line 5: That this was his first one, meaning first buy as a (CI).

Reece; testified [SEE] Exhibit 4 TT page 174 line 18: That "it was in July"

Sgt. Nutters source; testified [SEE] Exhibit 5 pages 212-213 of TT lines 20 and 21 of page 212; lines 1, 2, 3, and 4 of page 213: "did you agree to go to work for the Caroline County Sheriff's Office as a confidential informant on July -- in July of last year?" at line 5 the (CI) answers "Yes, sir." McCarters trial was Oct. 29, 2012.

Sgt. Nutters source reconfirms under cross [SEE] Exhibit 6 TT page 225 lines 1-6: The (CI) at line 3 answers "June 18th or -- 18th of 2011." line 4 question "Okay. Of what month?" answer lines 5-6 "I believe it was July. June or July I'm not positive."

So testimony through Blasiol, Reece and Sgt. Nutter's own source, show that the source had not worked for Nutter for 3 yrs. as he lead the magistrate to believe. Their testimony shows Sgt. Nutter's statement to be false and misleding.

Discovery Regarding Confidential Informant [SEE] Exhibit 7 #3; paragraph 2: states "The (CI) signed up on July 18, 2011, with Caroline County Sheriff's Office (the "CCSO") to work as a (CI)."

(3) Sgt. Nutter tells more falsehood (perjury) to the magistrate by stating in his affidavit for warrant [SEE] Exhibit 1 #7 that his source had "provided information which has assisted Your Affiant (Sgt. Nutter) in previous illegal investigations." Third perjuried statement

Sgt. Nutter states in his affidavit [SEE] Exhibit 2 #7: that "The (CI) admitted he had been used as an informant before." an he was "documented in the past as a confidential source of information"

The only documention every provided to McCarter is as follows:

The Cooperating Individual Agreement dated 7-18-11

The Brady Material [SEE] Exhibit 7 #3; paragraph 3: "Subsequently, the (CI) made controlled buys of drugs for the (CCSO) as follows: (a) Aug. 16, 2011 (b) Aug. 25 and 31, 2011 and then (c) Sept. 20, 2011.

All of the sources documented assistance to the (CCSO) is after July 21, 2011 not previous to as Sgt. Nutter stated in his search warrant affidavit.

(4) Sgt. Nutters last reclsless or misleding statement to create credibility for his criminal source to the magistrate is as follows: [SEE] Exhibit 1 #7: Sgt. Nutter states that his source is

"under medical care for his addiction."

Discovery Regarding (CI) [SEE] Exhibit 7 #4; paragraph 1 and 2: "Other than what has already been stated, the Commonwealth is unaware of the (CIs) drug and <u>treatment history prior to Jan. 18, 2012</u>.

In Nutter's sworn affidavit [SEE] Exhibit 2 #5: Nutter states that "Detective Blaisol and he met with the (CI) on July 7, 2011. During this meeting, the (CI) "<u>who admitts to fraud</u>" (lying) told Detective Blaisol and him that he was seeing a doctor for his addiction and that the doctor prescribed suboxone. The (CI) allegedlly showed him a copy of his prescription.

This should be great concern to the court. The (CI) admitts to <u>being guilty of prescription fraud</u>. Nutter should have been concerned that his source had showed him a <u>false after his source admitted to prescription fraud</u>. With all of Nutter's alleged experience in the Dept. he should have checked with the (CIs) doctor to see if <u>the prescripton was real, not a false, sence his criminal source admitted to committing prescription fraud</u>. Nutter had two weelss between his meeting on July 7, 2011 and when the search warrant affidavit was filed with the magistrate on July 21, 2011 to find out if this was <u>fact or fiction</u>.

McCarter has made a substantial showing by the preponderance of evidence presented in the foregoing. That Sgt. Nutter committed perjury (Va. Code 18.2-434) to create credibility for his criminal source.

McCarter will now show the Court why he had to comitt perjury (Va. Code 18.2-434) to create credibility for his criminal source.

All of Sgt. Nutters material facts constituting probable cause are in the form of <u>hearsay</u> from his criminal source. Sgt. Nutter states the following in his search warrant affidavit: [SEE] Exhibit 1 #4; paragraphs 3 and 4: Sgt. Nutter states that his informant advised him that he had spoken to Mr. McCarter and that McCarter "said to come to his house for the purpose of purchasing cocaine." Sgt. Nutter said that the confidential source showed Your Affiant (Sgt. Nutter) text messages which had been sent to and from McCarter in reference to illegal drug activity. But at trial Detective Blasiol under cross [SEE] Exhibit 8 TT 146-147; line 21 on page 146 and lines 1 and 2 on page 147: "Were you able to confirm that information through text messages?" Blasiol's answer "No, Ma'am" This is also a <u>falsehood</u> told by Sgt. Nutter to create probable cause. Sgt. Nutter then states that he met his source. And that his source provided him cocaine which the confidential source <u>stated</u> (hearsay) was ~~purchased~~ from McCarter while in the residence.

Purchased

[SEE] The Const. Amend. 4; Searchs and Seizures 349 K118 states: "When criminal informers tip is in form of <u>hearsay</u> recited in affidavit for search warrant, its reliability may be established by <u>showing</u> that (1) informer has <u>previously given reliable information</u>; (2) informer <u>previously</u> has worked with the police and <u>has made controlled buys or worked in narcotic surveillance or other law enforcement efforts</u>; (3) informer provided <u>detailed information</u> that only a person who actually observed criminal activity would know; or (4) informer has made declaration against <u>penal interest</u>"

This is some of the reasons Sgt. Nutter told falsehoods (perjury) in his affidavit for search warrant. The following shows more reasons why Sgt. Nutter committed perjury.

[SEE] Va. Code 19.1-85; Where accuracy of information received from confidential informant is not supported by other sources known or stated to be accurate or from corroborated facts known or discovered by officer-affiant personally or from other official or reliable reports, officer-affiant must present in his affidavit a <u>substantial factual basis for crediting informant's story to justify issuance of search warrant</u>. [SEE] Manley V. Com, 176, S.E.2d 309, 211 Va. 146 (1970)

Telling lies to the magistrate is not a substantial factual basis for crediting informant's story.

What Sgt. Nutter did was, bathe the informant with false credibility. By telling the magistrate falsehoods." This procedure reduces the Fourth Amendment to a fiction and the magistrate to "a rubber stamp for the police." [SEE] U.S. v. Vertresca 85 S.Ct. 741, 746.

Sgt. Nutter's job as a police officer is to protect and serve, not lie and decreve [SEE] Christopher Slobogin, Testilying: Police Perjury and What To Do About It, 67 U. Colo. L. Rev. 1045 ("stating that affiants often commit perjury in the warrant process because they are seldom made to pay for their lying.")

All of the foregoing information was brought to the attention of the Sheriff and his Dept. Thus, they should have granted McCarter relief. McCarter is entitled to relief as a matter of law. And the Sheriffs Office is to be held liable for Sgt. Nutter actions.

This court must observe its own laws. Our commonwealth is the potent, the ominipotent teacher. For good or ill it teaches the whole people by its example, if the commonwealth becomes a law breaker it breeds centempt for the law. (Elkins (1960) 364. U.S. 206, 80, S.Ct. 1437, 4, L.Ed. 2d 1669.

As Mr. Justice Brandis, dessenting said in Olmstead V U.S. if the goverment breaks the law it invites every man to become a law unto himself it invites anarch. 2d. at. 659, 81 S.Ct. 1684

Police Officers must comport with the Constitution. Police Depts and prosecutors have an obligation to instill this understanding in officers, and to discipline those found to have violated the Constitution, and the laws of the commonwealth.

All of the forgoing shows McCarter's Cause of action: Our Supreme Court has defined a "cause of action" as "a set of operative facts which, under substantive law, may give rise to a right of action. [SEE] Roller V Basic Constr. Co. 238 Va. 321, 328, 384

## IMMUNITY

McCarter will briefly address why Sgt. Nutter does not qualify for any type of immunity.

Qualified immunity shields police officer's from civil rights suits only if a reasonable officer could have believed his actions to be lawful, in light of clearly established law and information officer possessed [SEE] Malley V. Briggs, 106 S.ct. 1092.

The U.S. Supreme Court states that an officer who believes that <u>the facts stated in his affidavit are true</u> and who submitts them to a neutral magistrate may thereby be entitled to immunity under the objective reasonableness standard of Harlow V Fitzgerald, 102 S.Ct. 2727. Sgt. Nutter told falsehoods (lies) not facts.

This Court needs to first determine whether at the time of the alleged violation the constitutional right was clearly established and whether a reasonable officer in his position would have known that his conduct was a violation of McCarter's 4th Amend. Rights.

For the above reasons, should the Sheriff's Dept ask this court, to grant immunity to Sgt. Nutter This court, as a matter of law must deny their request. (Note: Perjury is never covered by immunity)

## Res judicata

Under Viriginia law, res judicata has four elements: (1) identity of the remedy sought (2) identity of the cause of action (3) identity of the parties (4) identity of the quality of the persons for or against whom the claim is made.

McCarter is addressing res judicata, because he brought forth a civil claim against Travis Nutter in his individual capacity. McCarter brings footh this civil claim against the Caroline County Sheriff's Dept. as a whole.

## Conclusion

McCarter has made a substantial showing. That a deputy of the Caroline County Sheriff's Dept. violated his 4th Amend. Rights. (Sgt. Travis Nutter) The sheriff's deputy made statements to the

magistrate that were false and misleading. McCarter asks that this court find the Sheriff and the Sheriff's Dept. liable as a matter of law.

In Virginia, not only is Sheriff liable civilly for acts of his deputy, but he also is liable criminally and can be fined for conduct of his deputy. Va. Code 1950 § 15.1-48, Va. Const. Art. 7, § 4 Whited v. Fields, 1984, 581 F. Supp 1444.

The Sheriff's deputy omitted from his affidavit, that his criminal source had committed fraud. This would have brought the credibility of his criminal source into serious doubt. No reasonable deputy of the Sheriff's Dept. would go before a magistrate and tell falsehoods or omit facts from his affidavit to create credibility for his criminal source. Which mislead the magistrate into believing that probable cause (in the form of hearsay) existed.

The Sheriff's deputy is a veteran with many years of extensive training and knew or should have known better. Sgt. Nutter clearly committed perjury Va. Code 18.2-434 by telling falsehoods when he applied for the search warrant and the Sheriff and the Sheriff's Dept. is to be held liable for their deputy's misconduct and irresponsible actions. Which lead to and caused McCarter's injury. Especially since McCarter notified them of their deputy's actions, and no relief was granted. The Sheriff is held liable by Va. law.

Wherefore, plaintiff Eric. C. McCarter demands judgement against the Caroline County Sheriff's Dept. in the amount of 2.5 million dollars, representing compensatory damages of 1.25 million, and punitive damages of 1.25 million dollars.

Respectfully,
Submitted By,

Eric. McCarter
12-2-15